1  **Judy Danelle Snyder, OSB No. 732834**
   E-mail: judy@jdsnyder.com
2  **Holly Lloyd, OSB No. 942979**
   E-mail: holly@jdsnyder.com
3  **Melissa Hopkins, OSB No. 192226**
   E-mail: melissa@jdsnyder.com
4  LAW OFFICES OF JUDY SNYDER
   1000 S.W. Broadway, Suite 2400
5  Portland, OR 97205
   Telephone: (503) 228-5027
6  Facsimile: (503) 241-2249

7      Of Attorneys for Plaintiff

8

9

10                IN THE UNITED STATES DISTRICT COURT

11                    FOR THE DISTRICT OF OREGON

12                        PORTLAND DIVISION

13
   CONNIE WILSON,                          |  Case No.
14
                        Plaintiff,         |
15                                         |  **COMPLAINT**
          v.                               |
16                                         |  Violations of 42 U.S.C. § 1983 - 8th
                                           |  Amendment Failure to Protect; Sexual Battery;
17  STATE OF OREGON, acting by and through,|  Professional Negligence - Vicarious Liability
    DEPARTMENT OF CORRECTIONS, a state     |
18  agency, COLETTE PETERS, an individual, |
    ERIKA SAGE, an individual, JOE BUGHER, an |
19  individual, ROB PERSSON, an individual, JANE |  DEMAND FOR JURY TRIAL
    DOE, an individual, and TONY KLEIN, an |
20  individual,                            |
                                           |
21                      Defendants.        |

22

23  _____

24                  <u>**PRELIMINARY STATEMENT**</u>

25      1.    This action is an action for damages and attorney's fees and costs, to redress

26  defendants' violations of plaintiff's federal and state statutory rights.

PAGE 1 - COMPLAINT

## JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.    Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to all causes of action based on Oregon state statutory law because the state claims arise from the same nucleus of operative facts as the federal claims.

4.    Venue is within the District of Oregon pursuant to 28 U.S.C. §1391(b) as the claim arose in this judicial district.

## PARTIES

5.    Plaintiff Connie Wilson ("Ms. Wilson") is a resident of the state of Oregon.  At all material times, Ms. Wilson was an inmate at Coffee Creek Correctional Facility, Clackamas County, Oregon.

6.    Defendant State of Oregon, acting by and through the Oregon Department of Corrections, is the state agency charged with custody of adults sentenced to prison for more than 12 months.

7.    At all material times, defendant Colette Peters ("Defendant Peters") was the Director of the Oregon Department of Corrections.

8.    At all material times, defendant Erika Sage ("Defendant Sage") was the Prison Rape Elimination Act Coordinator of the Oregon Department of Corrections.

9.    At all material times, defendant Joe Bugher ("Defendant Bugher") was the Health Services Administrator of the Oregon Department of Corrections.

10.    At all material times, defendant Rob Persson ("Defendant Persson") was employed by the Oregon Department of Corrections as the Superintendent of Coffee Creek Correctional Facility.

11.    At all material times, Jane Doe ("Defendant Doe")  was the Supervisor of Registered Nurses employed by the Oregon Department of Correction at Coffee Creek Correctional Facility, including Tony Klein.

12.    At all material times, Tony Klein ("Defendant Klein") was a Registered Nurse employed

PAGE 2 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

1   by the Oregon Department of Corrections at the Coffee Creek Correctional Facility.

2   **GENERAL ALLEGATIONS**

3   13.     On information and belief, between 2004 to 2017, no less than ten employees of the

4   Oregon Department of Corrections ("ODOC") were convicted of sexually assaulting female inmates

5   at Coffee Creek Correctional Facility ("Coffee Creek").  From 2004 to the present, the ODOC has

6   settled at least seventeen lawsuits filed by inmates sexually assaulted by Coffee Creek employees.

7   As a result of these prior inmate sexual assaults,  Defendants Peters, Sage, Bugher, Persson and Doe

8   were aware of the extreme risk of inmate sexual assaults perpetrated by ODOC employees.

9   14.     Between April 2017 and July 2020, Ms. Wilson was an inmate at Coffee Creek. Ms.

10   Wilson sought medical treatment from Defendant Klein for various medical needs.  During these

11   interactions, Defendant Klein shared private details about his personal life with Ms. Wilson and

12   engaged in friendly conversation.

13   15.     In June 2017, Ms. Wilson's father passed away unexpectedly.  Ms. Wilson was

14   distraught as she was unable to see her father before his death.  Defendant Klein noticed that Ms.

15   Wilson was upset and provided Ms. Wilson with a space to talk.  Through his actions, Defendant Klein

16   gained Ms. Wilson's trust.

17   16.     In July of 2017, Coffee Creek Correctional Officer Roselyn Lamb ("CO Lamb") called

18   the medical staff office to reschedule an x-ray appointment for Ms. Wilson which had been scheduled

19   for that morning.  CO Lamb was instructed that Ms. Wilson had to go to the medical clinic to sign a

20   form to reschedule.

21   17.     When Ms. Wilson arrived at the medical clinic, she spoke to an unknown female nurse

22   at the nurses station.  Defendant Klein called to Ms. Wilson from the triage room located next to the

23   nurses station.  Ms. Wilson told Defendant Klein that it was hot, she was tired, and she did not want

24   to be seen by medical.  Defendant Klein asked Ms. Wilson to "help him out" as there was a medical

25   request in her file.  Ms. Wilson relented, followed Defendant Klein's instructions and went into the triage

26   room where she was alone with Defendant Klein.

PAGE 3 - COMPLAINT

18.    Defendant Klein began by asking Ms. Wilson questions regarding why she needed an x-ray. Ms. Wilson explained that she did not know why there was an order for her to receive an x-ray as she had not been seen for her right knee since her intake in April 2017. Defendant Klein asked if she had problems with her right knee, to which Ms. Wilson affirmatively responded. Defendant Klein stated that they should just get it done so she was not on "call out" again for medical. Ms. Wilson finally agreed.

19.    Defendant Klein instructed Ms. Wilson to pull up her pant leg so he could examine her right knee. Ms. Wilson's pants were too tight around the ankle to be pulled up. Defendant Klein then instructed Ms. Wilson to pull her pants down. Ms. Wilson hesitated and explained that she was not wearing any undergarments, as she did not expect an examination. Defendant Klein stated that he had seen everything and handed Ms. Wilson a paper covering.

20.    As Ms. Wilson sat on the table, with only the paper covering from the waist down, Defendant Klein appeared at her side and pulled the curtain closed. Defendant Klein then ran his hands up her thighs, pushing her legs apart and then inserted his fingers into her vagina.

21.    Ms. Wilson initially froze with fear and was unable to speak. Her mind flashed back to a time when she was raped and nearly killed. As she felt Defendant Klein's hot breath near her face, she jolted into action. Ms. Wilson pushed against Defendant Klein with her hands and feet, throwing him backwards and across the room. Defendant Klein's chair went flying as he fell. The chair hit the wall with such force that the wall was damaged. Defendant Klein fell to the ground. Ms. Wilson approached Defendant Klein and punched his head. Ms. Wilson then pulled up her pants and ran out of the triage room.

22.    The unknown female nurse at the nurses station insisted that Ms. Wilson sign the paperwork to reschedule her x-ray, but Ms. Wilson did not stop and ran directly to her cell. Back in her cell, CO Lamb asked Ms. Wilson if she was ok. Ms. Wilson waved at her, unable to speak.

23.    The following Monday, Ms. Wilson was again on the call-out list for a medical appointment. This time, Ms. Wilson did not report and was surprised that she was not reprimanded.

PAGE 4 - COMPLAINT

24.    Ms. Wilson was again on the medical call-out the next Monday.  Ms. Wilson asked CO Lamb to take her off of the medical call out list, explaining that she did not want to be treated.  CO Lamb informed Ms. Wilson that she had to go to medical to sign a form declining medical treatment.  Ms. Wilson was afraid to "no-show" twice so she went to medical to sign the required form.  Ms. Wilson spoke to the same unknown female nurse and told her loudly, so Defendant Klein could hear, that she was there to sign the papers to refuse medical care.  Ms. Wilson also stated that if she was called out again, she would not be coming alone.  Defendant Klein once again called for Ms. Wilson, but this time she walked away.

25.    On June 4, 2018, Ms. Wilson submitted a grievance notifying ODOC of the sexual assault she endured by Defendant Klein.  Ms. Wilson also requested to speak with the Prison Rape Elimination Act advocate.

26.    On June 12, 2018, Ms. Wilson submitted a notice of tort claims pursuant to ORS 30.275, acknowledgment of which was received by plaintiff on June 13, 2018.

27.    Ms. Wilson's claims are timely pursuant to ORS 12.118.

**FIRST CLAIM FOR RELIEF**

**Violation of 42 U.S.C. 1983 - 8th Amendment Failure to Protect**

**(Against Defendants Colette Peters, Erika Sage, Joe Bugher,**

**Rob Persson and Jane Doe in their Individual Capacities)**

28.    Plaintiff realleges and incorporates paragraphs 1 through 27 above.

29.    Defendants Colette Peters, Erika Sage, Joe Bugher, Rob Persson and Jane Doe knew or should have known that Ms. Wilson was incarcerated under conditions that exposed her to a substantial risk of the serious harm of sexual assault at the Coffee Creek Correctional Facility.

30.    While in the performance of their official duties, Defendants Colette Peters, Erika Sage, Joe Bugher, Rob Persson and Jane Doe were deliberately indifferent to a known or obvious risk of the serious harm of sexual assault of the female inmates by Klein and knowingly and willfully violated Ms. Wilson's constitutional rights by:

PAGE 5 - COMPLAINT

1.      Failing to provide adequate monitoring of Klein while he was treating female inmate patients;

2.      Failing to monitor Klein's female inmate medical appointments and call-outs;

3.      Failing to enforce existing policies and procedures regarding medical staffing requirements during female inmate medical examinations;

4.      Failing to monitor Klein's interactions with female inmates and ignoring the signs of grooming the inmate patients for future sexual assaults; and,

5.      Failing to provide adequate safety procedures for female inmates accessing medical care, including sign-in and out procedures, allowing private access to female inmates by medical staff, and threatening to punish female inmates for refusing medical care.

31.      As a result of defendants' conduct, Ms. Wilson suffered a sexual assault by Klein, could not safely access medical care while incarcerated, and suffered and continues to suffer Post Traumatic Stress Disorder which was exacerbated and triggered by her sexual assault.  Ms. Wilson further suffered and continues to suffer anxiety, fear, nightmares, loss of enjoyment of life and will suffer future emotional distress for which she is entitled to be compensated in the amount of $800,000.00.

32.      As a result of defendants' conduct, Ms. Wilson seeks an award of economic damages for her future mental health expenses in an amount to be determined.

33.      As a further result of defendants' conduct, Ms. Wilson seeks an award of her reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## SECOND CLAIM FOR RELIEF

### Sexual Battery

### (Count One - Against Defendant State of Oregon)

34.      Plaintiff realleges and incorporates paragraphs 1 through 27 above.

35.      Klein was an employee of the State of Oregon when he engaged in acts of sexual battery which were intended to cause harmful or offensive contact with Ms. Wilson and which did cause

PAGE 6 - COMPLAINT

harmful and offensive contact to Ms. Wilson.

36.     Defendant State of Oregon is vicariously liable for Klein's conduct, because his conduct was within the course and scope of his employment, in that his conduct occurred within the time and space limits authorized by his employment with Defendant State of Oregon, he was motivated, at least partially, by a purpose to serve Defendant State of Oregon as a Registered Nurse, and he was providing medical services that he was hired to perform, and that conduct resulted in the acts that injured Ms. Wilson.

37.     As a result of Klein's conduct, Ms. Wilson and suffered and continues to suffer Post Traumatic Stress Disorder which was exacerbated and triggered by her sexual assault, anxiety, fear, nightmares, loss of enjoyment of life and will suffer future emotional distress for which she is entitled to be compensated in the amount of $800,000.00.

38.     As a further result of defendant's conduct, Ms. Wilson seeks an award of economic damages for her future mental health expenses in an amount to be determined.

### (Count Two - Against Defendant Tony Klein)

39.     Plaintiff realleges and incorporates paragraphs 1 through 27 above.

40.     Defendant Klein engaged in acts of sexual battery which were intended to cause harmful or offensive contact with Ms. Wilson and which did cause harmful and offensive contact to Ms. Wilson.

41.     As a result of Defendant Klein's conduct, Ms. Wilson and suffered and continues to suffer Post Traumatic Stress Disorder which was exacerbated and triggered by her sexual assault, anxiety, fear, nightmares, loss of enjoyment of life and will suffer future emotional distress for which she is entitled to be compensated in the amount of $800,000.00.

42.     As a further result of defendant's conduct, Ms. Wilson seeks an award of economic damages for her future mental health expenses in an amount to be determined.

//

//

//

PAGE 7 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

**THIRD CLAIM FOR RELIEF**

**Professional Negligence**

**(Against Defendant State of Oregon**)

43.     Plaintiff realleges and incorporates paragraphs 1 through 27 above.

44.     As a registered nurse, Klein owed Ms. Wilson a duty of care to provide safe and professional medical treatment, including limiting interactions to only medically necessary evaluations and treatments. Klein also owed Ms. Wilson a duty to avoid discussing personal private information with Ms. Wilson in an attempt to establish a trusting relationship, to follow policies and procedures regarding minimum staffing requirements when treating female inmate patients, to avoid placing Ms. Wilson in a situation where he could sexually assault her, and to avoid sexually assaulting her.

45.     Klein breached the standard of care of registered nurses by using his professional position as Ms. Wilson's nurse to foster a personal trusting relationship, by failing to follow policies and procedures regarding minimum staffing requirements when treating female inmate patients, by placing Ms. Wilson in a situation where she could be sexually assaulted, and by intentionally sexually assaulting her.

46.     Defendant State of Oregon is vicariously liable for Klein's conduct, because his conduct was within the course and scope of his employment, in that his conduct occurred within the time and space limits authorized by his employment with Defendant State of Oregon, he was motivated, at least partially, by a purpose to serve Defendant State of Oregon as a Registered Nurse, and he was providing medical services that he was hired to perform, and that conduct resulted in the acts that injured Ms. Wilson.

47.     As a result of Klein's conduct, Ms. Wilson and suffered and continues to suffer Post Traumatic Stress Disorder which was exacerbated and triggered by her sexual assault, anxiety, fear, nightmares, loss of enjoyment of life and will suffer future emotional distress for which she is entitled to be compensated in the amount of $800,000.00.

48.     As a further result of Klein's conduct, Ms. Wilson seeks an award of economic damages

PAGE 8 - COMPLAINT

1   for her future mental health expenses in an amount to be determined.

2                        **DEMAND FOR JURY TRIAL**

3       49.     Plaintiff demands a jury trial.

4       WHEREFORE, plaintiff prays for a judgment against each defendant as follows:

5       1.      A declaration that defendants Colette Peters, Erika Sage, Joe Bugher, Rob Persson

6               and Jane Doe violated her constitutional rights;

7       2.      $800,000.00 for non-economic damages;

8       3.      An award of economic damages for her future mental health expenses in an amount

9               to be determined;

10      4.      Plaintiff's costs and disbursements incurred herein; and

11      5.      All other further relief which is determined by the Court to be just, equitable and

12              necessary.

13      DATED this 1st day of December, 2020.

14

15                                  LAW OFFICES OF JUDY SNYDER

16

17                                   s/ Melissa Hopkins
                                    JUDY DANELLE SNYDER, OSB No. 732834
18                                  HOLLY LLOYD, OSB No. 942979
                                    MELISSA HOPKINS, OSB No. 192226
19                                  Telephone: (503) 228–5027
                                    Facsimile: (503) 241-2249
20                                  Email: judy@jdsnyder.com
                                    Email: holly@jdsnyder.com
21                                  Email: melissa@jdsnyder.com
                                    Of Attorneys for Plaintiff
22
                                    Trial Attorney: Judy Danelle Snyder, OSB No. 732834
23

24

25

26

PAGE 9 - COMPLAINT