
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CONNIE WILSON**,<br><br>      Plaintiff,<br><br>v.<br><br>**STATE OF OREGON**, acting by and through, **DEPARTMENT OF CORRECTIONS**, a state agency, **COLETTE PETERS**, an individual, **ERIKA SAGE**, an individual, **JOE BUGHER**, an individual, **ROB PERSSON**, an individual, **JANE DOE**, an individual, and **TONY KLEIN**, an individual,<br><br>      Defendants. | Case No. 3:20-cv-2078-SI<br><br>**OPINION AND ORDER** |

Judy D. Snyder, Holly Lloyd, and Melissa Hopkins, Law Offices of Judy Snyder, 1000 S.W. Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

Ellen F. Rosenblum, Attorney General; Jessica Spooner, Assistant Attorney General; and Kate Beck, Assistant Attorney General, Oregon Department of Justice, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      Plaintiff Connie Wilson (Wilson) sues the State of Oregon through the Oregon Department of Corrections (ODOC) and several current and former state employees. Wilson asserts one federal claim under 42 U.S.C § 1983 and two claims under state law. The State of

PAGE 1 – OPINION AND ORDER

Oregon and other state employees (State Defendants), excluding Defendants Tony Klein (Klein) and fictional defendant Jane Doe, move for summary judgment. The State Defendants argue that Wilson's claims are barred by the 180-day notice requirement under the Oregon Tort Claims Act (OTCA),[1] the two-year statute of limitations under the OTCA, and the two-year statute of limitations that applies to claims under § 1983. Because the Court finds that the applicable statutes of limitation bar Wilson's federal and state claims, the Court grants the State Defendants' motion for summary judgment.

## STANDARDS

### A. Summary Judgment

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

---

[1] Oregon Revised Statutes (ORS) §§ 30.260, *et seq.*

## BACKGROUND

Wilson was in the custody of ODOC at Coffee Creek Correctional Facility (Coffee Creek) from April 11, 2017 to May 21, 2020. ECF 18-1. Wilson was sexually assaulted by Klein in July 2017.[2] On June 4, 2018, Wilson filed a Grievance Form with Coffee Creek about the sexual assault. ECF 19-1. The Grievance Form detailed the assault and described Wilson's immediate response of shoving Klein away from her and refusing any further medical treatment. *Id.* In her grievance, Wilson explained that immediately after the assault she was "sick, shakened [*sic*], scared, feared [*sic*]." *Id.* at 3. She described running out of the examination room and signing a form to decline treatment while "visibly shaking." *Id.* at 3. She further explained in her grievance that the assault triggered memories of a previous experience, that she "really d[i]dn't want to talk about" Klein's assault, and that it was "really hard to write about this horrifying experience." *Id.* at 4. She noted that she did not report the incident earlier because she was afraid of retaliation. *Id.* She stated that she feels unsafe and that the assault has "haunted" her. *Id.*; *id.* at 8

Wilson, through her attorney, filed a formal notice of claim under the OTCA on June 12, 2018, eleven months after the assault and eight days after Wilson had filed her grievance. ECF 17-1. Wilson did not file her Complaint in this lawsuit until December 1, 2020, nearly two and a half years later. Wilson asserts state law tort claims for sexual battery and professional negligence and a federal claim under § 1983, alleging failure to protect.

---

[2] For the purposes of the pending motion, Defendants do not dispute Wilson's allegations of sexual assault.

**DISCUSSION**

The State Defendants move for summary judgment, arguing that the statutes of limitation applicable to Wilson's federal and state claims and the 180-day notice requirement of the OTCA bar Wilson's claims. Wilson responds that the statute of limitations for her state law claims is five years and has not run out. Wilson also responds that none of the statutory requirements preclude Wilson's claims because a jury must decide disputed factual issues under the "discovery rule." Wilson states that there are genuine issues of material fact about when she knew or should have known about her injury from the alleged assault, which extends her time for the filing of a notice under the OTCA and for the running of any applicable two-year limitations period. The Court concludes that the statute of limitations for Wilson's federal and state law claims is two years and that the discovery rule in this case does not sufficiently extend the accrual of the limitations period to make Wilson's claim timely. Thus, the Court grants the State Defendants' motion for summary judgment.

**A. Statute of Limitations**

**1. State Claims**

The State Defendants argue that the proper limitations period is the two-year statute of limitations in ORS § 30.275(9), which expressly applies to public actors.[3] Wilson responds that the five-year statute of limitations in ORS § 12.118 applies and does not bar her state claims.

ORS § 30.275(9) "establishes a uniform two-year statute of limitations that applies to all claims brought under the OTCA." *Sherman v. State by & through Dep't of Hum. Servs.*, 368

---

[3] "Except as provided in ORS [§§] 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury." ORS § 30.275(9).

Or. 403, 410 (2021). "[T]hat two-year limitations period applies in lieu of, trumps, or is superimposed upon, any other statute that provides a different limitations period." *Id.*; *see also id.* at 411 (stating that "notwithstanding the provisions of other statutes that provide a limitation on the commencement of an action, the two-year limitations period of ORS 30.275(9) *applies* in actions against public bodies" (emphasis in original)). Thus, under the limitations period established in the OTCA for claims against public entities, a two-year limitations period applies to Wilson's state claims.

Wilson argues, however, that the Oregon Supreme Court's decision in *Sherman* requires the Court to find that the five-year statute of limitations in ORS § 12.118 applies instead of the two-year limitation period in ORS § 30.275(9). Wilson asserts that in *Sherman*, the Oregon Supreme Court held "that the statute of limitations for child abuse claims was five-years as outlined in ORS 12.117—and that the five-year statute of limitations in ORS 12.117 applies to child abuse claims against the State." ECF 33 at 2. Wilson misunderstands the issue and holding in *Sherman*.

The issue before the Oregon Supreme Court in *Sherman* was "whether ORS 30.275(9) makes ORS 12.117 a nullity," not whether the two-year statute of limitations in § 30.275(9) supersedes the statute of limitations provided by § 12.117. *See Sherman*, 368 Or. at 411. Indeed, the parties in *Sherman* did not dispute that it was the two-year limitations period established in § 30.275(9) and not the five-year limitations period in § 12.117 that provided the proper statute of limitations. *Id.* at 410 (noting that it was "not in dispute" that § 30.275(9) establishes a two-year statute of limitations that applies to all claims under the OTCA and replaces all other statutes of limitations). The five-year limitations period of § 12.117 was not analyzed in

PAGE 5 – OPINION AND ORDER

*Sherman*. Instead, the Oregon Supreme Court addressed § 12.117's exception to the ten-year statute of ultimate repose established in ORS 12.115.

In *Sherman*, the Oregon Supreme Court held that applying the two-year limitations period in § 30.275(9) does not require finding that ORS § 12.117 is a nullity, and thus the *other* provisions of that statute, including the exception to the ten-year statute of ultimate repose, was still in effect for claims of sexual abuse against public entities. *See Sherman*, 368 Or. at 418-19 ("As explained, the OTCA waives the state's sovereign immunity, but provides two material protections—a provision of the OTCA that imposes a two-year statute of limitations—ORS 30.275(9)—and a provision of the OTCA that gives public entities the benefit of statutory protections provided outside the OTCA—ORS 30.265(6)(d). That latter statute, the controlling statute on which defendant must rely for its motion to dismiss, provides public bodies with protections outside the OTCA that are *equivalent* to those that are *applicable* to nongovernmental entities; it does not provide the state with *greater* or *inapplicable* protections." (footnote omitted) (emphasis in original)); *see also id.* at 419 ("Because it was commenced more than 10 years after the alleged conduct of which she complains, plaintiff's action against the state is barred by ORS 12.115, a statute of ultimate repose that applies to injury claims—unless ORS 12.117(1) changes things. The latter statute creates an exception to ORS 12.115 for claims alleging child abuse, but the question is whether that exception applies in claims against public bodies under the Oregon Tort Claims Act (OTCA). The majority concludes that it does apply.") (Garrett, J., dissenting). Accordingly, under *Sherman*, the two-year limitations period established in ORS § 30.275(9) applies to Wilson's state claims.

    **2. Federal Claim**

The statute of limitations for Wilson's federal claim also is two years. "When, as here, a federal civil rights statute does not include its own statute of limitations, federal courts borrow

PAGE 6 – OPINION AND ORDER

the forum state's limitations period for personal injury torts." *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "[A] state's residual personal injury statute of limitations, *not a range of specialized statutes of limitations*, should be applied to § 1983 claims." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) (emphasis added). The residual statute is ORS § 12.110(1),[4] which establishes a two-year statute of limitations. *See Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983.").

### 3. Discovery Rule

The accrual for all of Wilson's claims is subject to the discovery rule. *See Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (stating the discovery rule is observed by Oregon state law and federal law). "Under [the federal] rule, the statute only begins to run once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" *Id.* (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). "The plaintiff must be diligent in discovering the critical facts . . . a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations, if he should have known in the exercise of due diligence." *Id.* Under the Oregon rule, "a cause of action does not accrue . . . until the claim has been discovered or, in the exercise of reasonable care, should have been discovered." *F.D.I.C. v. Smith*, 328 Or. 420, 428 (1999). "[A] plaintiff must have a reasonable opportunity to become

---

[4] "An action for assault, battery, false imprisonment, or *for any injury to the person or rights of another*, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit." ORS § 12.110(1) (emphasis added).

aware of the following three elements before the statute of limitations will begin to run: (1) harm; (2) causation; and (3) tortious conduct." *Id.* "Application of the discovery rule presents a factual question for determination by a jury unless the only conclusion that a jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." *Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or. 270, 278 (2011).

Wilson filed her grievance on June 4, 2018 and her tort claim notice on June 12, 2018. Her grievance described her assault and her strong reaction to the assault. The notice states that a claim "for damages . . . will be asserted against the State" and that in July 2017 "Wilson was sexually assaulted by Nurse Tony Klien [sic] at the Coffee Creek Correctional Facility." ECF 17. Wilson's grievance and notice of claim support only one conclusion: that she knew or should have known of her claim at least by the date of the filing of her tort claim notice, June 12, 2018. Wilson states in the grievance and notice that she was sexually assaulted. She also describes having a serious reaction to the assault, including fighting off Klein, visibly shaking, refusing treatment, having flashbacks to a previous assault, finding the experience "horrifying," and that the assault triggered fear and haunted her. In her grievance and notice, Wilson shows that she was aware of causation by identifying Klein as the person who inflicted harm upon her, and she also describes in her grievance form that she believes other state employees are liable for failing to investigate Klein before hiring him. She also notes that she believes that Klein assaulted other women in the prison. Lastly, Wilson knew the conduct was tortious because she gave notice under the OTCA of a claim for damages resulting from that conduct.

After construing all facts and allegations in the light most favorable to Wilson, the non-movant, the Court concludes that no reasonable factfinder could come to a different conclusion

PAGE 8 – OPINION AND ORDER

than finding that Wilson knew or should have known of her claim at least by June 12, 2018, the date she filed her tort claim notice. Accordingly, the limitations period expired two years later, on June 12, 2020. Wilson, however, did not file her Complaint in this lawsuit until December 1, 2020, nearly six months later. Thus, the Court finds that Wilson's claims are barred by the applicable statute of limitations, and the State Defendants are entitled to summary judgment on that ground.

Wilson argues that she did not discover her injury because she did not know about her psychological harm. Although Wilson's grievance form describes some psychological harm, even if Wilson does raise issues of material fact regarding the extent of her knowledge regarding her psychological harm, that does not create an issue of material fact for purposes of the discovery rule. A plaintiff need not know the full extent of her harm for the limitations period to begin. *See Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. at 335. "[I]f a plaintiff knows that he or she has suffered *some* harm and knows that it is the result of tortious conduct, an argument that the plaintiff did not know the full extent of the harm . . . will be of no avail." *Id.* (emphasis added). When Wilson filed her tort claim notice, she knew at least that she had been sexually assaulted and had suffered at least some harm warranting damages. Even if Wilson was unaware of the full extent of her harm, including her psychological harm, that does not extend the running of the statute of limitations.

Wilson's state and federal claims are barred by their respective two-year statutes of limitations. Because Wilson's state claims are barred by the statute of limitations, the Court need not consider the State Defendants' argument regarding the OTCA's 180-day notice requirement. Even if Wilson had given timely notice under the OTCA, her state claims are still barred. Thus, the Court does not reach that issue.

## CONCLUSION

The Court GRANTS the State Defendants' motion for summary judgment (ECF 14).

**IT IS SO ORDERED**.

DATED this 25th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge