IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CONNIE WILSON**,<br><br>        Plaintiff,<br><br>        v.<br><br>**STATE OF OREGON**, acting by and through, **DEPARTMENT OF CORRECTIONS**, a state agency, **COLETTE PETERS**, an individual, **ERIKA SAGE**, an individual, **JOE BUGHER**, an individual, **ROB PERSSON**, an individual, **JANE DOE**, an individual, and **TONY KLEIN**, an individual,<br><br>        Defendants. | Case No. 3:20-cv-2078-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Connie Wilson sues the State of Oregon through the Oregon Department of Corrections and several current and former state employees. The State of Oregon and other state employees (State Defendants), excluding Defendants Tony Klein and fictional defendant Jane Doe, moved for summary judgment. On August 25, 2021, the Court granted the State Defendants' motion, concluding that Plaintiffs' claims were barred by the two-year statute of limitations that applies to claims under the Oregon Tort Claims Act and the two-year statute of

PAGE 1 – OPINION AND ORDER

limitations that applies to claims under 42 U.S.C. § 1983, because the statute of limitations expired on June 12, 2020. On September 13, 2021, Plaintiff filed a motion for reconsideration, arguing that the Court's decision was based on the State Defendants' legally erroneous argument improperly raised in their reply brief, which neglected to inform the Court that Oregon has tolled the relevant statutes of limitations due to the COVID-19 pandemic, from March 30, 2020 to the present. The State Defendants admit that their argument relied on by the Court was improperly raised in the State Defendants' reply and erroneously neglected to disclose Oregon's extension on statutes of limitation.

The Court GRANTS Plaintiff's motion for reconsideration (ECF 36). As the State Defendants' concede, Plaintiff is correct that the Court's August 25, 2021 Opinion and Order includes legal error. Due to Oregon's COVID-19 related tolling of the statutes of limitation, the relevant statutes of limitation did not expire on June 12, 2020, as found by the Court. The Court DENIES the State Defendants' motion for summary judgment (ECF 14). Nothing in this Order, however, precludes the State Defendants from making any appropriate statute of limitations argument to the jury.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge